**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TOMMY BUTLER,**

      **Plaintiff,**

**-vs-**         Case No. 6:05-cv-229-Orl-28DAB

**JO ANNE B. BARNHART, Commissioner**
**of Social Security,**

      **Defendant.**

_____

## MEMORANDUM OPINION & ORDER

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **REVERSED and REMANDED.**

### *I. BACKGROUND*

**A.**      **Procedural History**

Plaintiff filed for a period of disability, DIB and SSI benefits on February 27, 2001. R. 19, 53-55, 234-37. He alleged an onset of disability on November 10, 1999, due to neck, back, and left

arm/hand pain, along with headaches and dizziness; he also testified to left Leg pain, shoulder pain and blurred vision. R. 59, 335-36, 375. His application was denied initially and upon reconsideration. R. 19, 41-43, 238-40. Plaintiff requested a hearing, which was held on December 5, 2002, before Administrative Law Judge Philemina Jones (hereinafter referred to as "ALJ"). R. 320-68. The ALJ ordered a consultative examination by Dr. Gregory M. Lower and a supplemental hearing was held on April 8, 2003 in order to obtain additional testimony from Thomas Laughman, a vocational expert, with input from Dr. Lower's report. R. 369-84. In a decision dated May 8, 2003, the ALJ found Plaintiff not disabled as defined under the Act through the date of the decision. R. 16-26. Plaintiff timely filed a Request for Review of the ALJ's decision. R. 11-15. The Appeals Council denied Plaintiff's request on December 23, 2204. R. 5-8. Plaintiff filed this action for judicial review on February 14, 2006. Doc. No. 1.

### B.    Medical History and Findings Summary

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of pain in his neck, back, and left arm, and headaches and dizziness. Plaintiff was 43 years old at the time of the decision. R. 53. Plaintiff has an 11th grade education, and past work experience as a stocking clerk, fork lift operator, and tractor-trailer driver. R. 20, 75-77, 326.

After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from cervical strain and lower back pain, which were "severe" medically determinable impairments, but not impairments severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R.22. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform a significant range of light work, as he could lift/carry twenty pounds occasionally and ten pounds frequently and sit/stand or walk for

up to six hours in an eight-hour workday; with limited pushing and/or pulling; and no climbing, balancing, kneeling, crouching, crawling or stooping, or exposure to hazards, and limited exposure to temperature extremes or repetitive overhead material handling, but unlimited reaching and fingering.  R. 25-26, Finding 7.  In making this determination, the ALJ found that Plaintiff's allegations regarding his limitations were not fully credible and not persuasive of an inablity to perform work-related activities for the reasons set forth in the body of the decision.[1]  R. 23.  Based upon Plaintiff's RFC and the testimony of the Vocational Expert, the ALJ determined that Plaintiff could perform work existing in significant numbers in the national economy.  R. 26, Finding 12. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision.  R. 26, Finding 13.

Plaintiff now asserts several points of error but the case turns on a single point.  The issue is whether the ALJ erred by ignoring vocational expert (VE) testimony that Plaintiff would be unable to find other work in the economy if forced to take "frequent rest periods."  The Court finds that the ALJ erred in ignoring this evidence (or in the least, failing to seek clarification regarding it).  For the reasons that follow, the decision of the Commissioner is **VACATED and REMANDED.**

## *II.  STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely

---

[1] Within the body of the decision, the ALJ discredited Plaintiff's reported limitations based on several specific inconsistencies between those limits and the medical findings.  R. 23.

create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**RFC, the consultative physician's opinions, and VE testimony.**

Plaintiff claims that the ALJ should not have found him able to perform light work because of the limitations assigned by Dr. Lower, including the requirement that he be allowed "frequent rest periods." The Commissioner contends that Dr. Lower did not specify precisely how he defined "frequent rest periods" and the ALJ properly relied on other limitations given by Dr. Lower in the medical source assessment form.

Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite her impairments. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436,1440 (11th Cir. 1997). The focus of this assessment is on the doctor's evaluation of the claimant's condition and the medical consequences thereof. *Id.*

Case law in this circuit requires that the ALJ employ hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985). Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence. *Id*. at 1561 (quoting *Brenam v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)). In this case the ALJ included in the hypothetical to the VE one of the limitations Dr. Lower listed in his examination report; however, the ALJ ignored the limitation and the VE's answer in her decision finding Plaintiff not disabled.

In her decision, the ALJ accorded Dr. Lower's opinion significant weight as he had the opportunity to physically examine the claimant and is a specialist in the field of orthopedic surgery. R. 23. The ALJ stated:

> Dr. Lower completed a Medical Source Statement of Ability To Do Work-Related Activities (Physical) where in he opined that the claimant could lift/carry 20 pounds occasionally and 10 pounds frequently. He can stand/walk and/or sit for up to 6 hours in an 8-hour workday. Pushing and pulling are limited in the upper and lower extremities. He has postural limitations for never climbing (ramps/stars/ladder/rope/ scaffold) balancing, kneeling, crouching, crawling and stooping. He has environmental limitations for exposure to temperature extremes and he has unlimited manipulative, and visual/communicative functions. The undersigned accords this opinion significant weight as he had the opportunity to physically examine the claimant and is a specialist in the field of orthopedic surgery.

R. 23. The parties do not dispute that Dr. Lower is an orthopedic specialist or that it was proper for the ALJ to give significant weight to a specialist's opinion about issues related to his specialty. However, Plaintiff contends that the ALJ improperly ignored Dr. Lower's restriction that he be limited to work that would allow "frequent rest periods." The Commissioner contends that Dr. Lower did not specify precisely how he defined "frequent rest periods" and the ALJ properly relied on the

more specific limitations given by Dr. Lower in the medical source assessment form as to lifting, standing, and sitting. R. 216-19.

After the first hearing on December 5, 2002, Plaintiff was sent to the consultative examination by Dr. Lower. Dr. Lower performed a consultative exam on January 23, 2003, diagnosing chronic cervico-thoracic strain; cervical degenerative disc disease without significant radiculopathy, and lumbar degenerative disc disease with mild left lower extremity radiculopathy. R. 214. In the "Comments" section at the end of the six-page report, Dr Lower opined:

> With a reasonable degree of medical probability this patient would have difficulty with standing for protracted periods of time, walking long distances, and doing repetitive bending or material handling in excess of 25 pounds. At the present time it is felt that this patient can be gainfully employed in a light duty job with modifications for frequent rest periods and to avoid repetitive overhead material handling.

R. 214. Dr. Lower also noted that Plaintiff could never climb, balance, kneel, crouch, crawl, or stoop. R. 217. Dr. Lower also completed a medical source assessment form checking off boxes concerning Plaintiff's physical limitations; he opined that Plaintiff could lift/carry up to 20 pounds; stand/walk for about 6 hours and sit for about 6 hours in an 8-hour workday; was limited in pushing/pulling; could never climb, balance, kneel, crouch, crawl or stoop; and was limited from performing work in temperature extremes. R. 216-19.

At the second hearing on April 8, 2003, which was convened especially to ask the VE a hypothetical with the limitations from Dr. Lower's CE, the ALJ asked:

> Same hypothetical individual, same education, same work. The individual would have difficulty standing for protracted periods of time, walking long distance, doing repetitive bending or material handling in excess of 25 pounds, and he has to have frequent rest periods and avoid repetitive overhead material handling. Could such an individual be able to perform any of his past relevant work or other work?

R. 382.  The VE then asked: "What does frequent rest periods mean?"  To which the ALJ responded, "I have no idea what the doctor meant by it however let's just say he has to rest once an hour for 15 minutes."  R. 382.  The VE testified that Plaintiff could not perform his past relevant work or any other substantial gainful activity.  R. 382.

The Commissioner argues that "there is no evidence indicating what Dr. Lower may have meant by 'frequent rest periods' so the ALJ simply made an assumption of once an hour for 15 minutes."  Doc. No. 21 at 9.  The Commissioner contends that Dr. Lower's answers in the medical source assessment form show Dr. Lower believed that Plaintiff could stand/walk and sit for 6 hours in an 8-hour workday "with normal breaks" and there is no need to consider his commentary that Plaintiff requires "frequent rest periods."  R. 216-17.  The Commissioner contends that it is reasonable to assume that the ALJ's "general opinion given in the exam note (of a need of frequent rest periods) is incorporated into his specific opinions about standing/walking and sitting set forth in the medical assessment form."  R. 214, 216-19.  The Court disagrees.

The ALJ candidly admitted to the VE that she "had no idea" what the doctor meant by "frequent rest periods." R. 382.  If that is the case, then the ALJ should have sought clarification from Dr. Lower, rather than ignore the limitation or the VE's response or (as the Commissioner contends) relied on the more generic "check the box" form that Dr. Lower had also filled out.  *See Heldenbrand v. Chater*, 132 F.3d 36, 1997 WL 775098, *18 (7th Cir. Dec. 15, 1997) (unpublished) (issue of claimant's need for "frequent rest periods" to be remanded).

## CONCLUSION

For the reasons set forth above, the ALJ's decision is not supported by substantial evidence.  Accordingly, it is **ORDERED** that the decision of the Commissioner is hereby **REVERSED** under sentence four of 42 U.S.C. § 405(g) and this case is hereby **REMANDED** to the Commissioner of

Social Security for the ALJ to reassess Plaintiff's RFC after contacting Dr. Lower for a definition of what he meant by "frequent rest periods." A new orthopedic consultative examination may be requested by the ALJ if warranted by the expanded record. Upon remand, the ALJ will schedule an additional hearing if warranted and allow Plaintiff to testify and present additional evidence. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on March 3, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record